### E. H. Boaz v. The State.

No. 21688. Delivered November 5, 1941.

The opinion states the case.

*Clem Calhoun,* of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of assault to murder and given a sentence of two years in the penitentiary, from which he appeals.

The injured party, who testified as a witness in the case, was C. B. Hume. The evidence introduced on the trial of the case shows that on the night of March 27, 1940, the injured party, together with W. C. Anderson, both peace officers, were called to some place near the home of appellant and, after some kind of an investigation, the nature of which is not revealed, they proceeded to the home of appellant, Dr. E. H. Boaz. The evidence is much in conflict as to what happened. Anderson testified that as he approached the place and got out of his car and turned the lights off he saw that appellant's home was in darkness and that as he stepped up on the gallery the ceiling light over him was turned on. At about this time he saw appellant through the door on the inside of the house with his gun. As he did he called to his brother officer, C. B. Hume, telling him that appellant had a gun. Almost instantly a shot was fired which struck Anderson and, as we understand the indefinite

statement about it, the bullet probably hit Anderson's gun and caused it to be discharged. Anyway, it was discharged, the bullet going into the floor. He attempted to shoot at appellant, but the empty cartridge hung in the gun and he was unable to do so. He then fell to the ground in a flower bed at the edge of the porch, but saw appellant and Hume exchanging shots, each firing two additional times, making six shots in all. This testimony is corroborated by Hume in all material respects. It appears that one bullet within the house went through the wall and it had been Anderson's theory that this bullet was the one that struck him. He had so testified in a former trial, but concluded on this trial of the case that it was impossible for that bullet to have struck him because it was too low on the wall and could not have hit him at the place where the facts showed that a bullet did hit him several inches higher.

The appellant testified denying in toto that he fired any shots whatsoever or that he even had a gun in his hand, but claimed that he saw Hume fire the shot which glazed Anderson and that Hume alone did the rest of the shooting. Anderson and Hume retreated from the scene through the darkness in good order, neither being injured by the shots that were fired. Soon thereafter two other officers came to the scene and arrested appellant.

Other witnesses gave testimony in the case which the jury considered, none of which appears to be very material except that of Mrs. W. C. Anderson, the wife of the officer, who lived in the county jail. She testified that immediately after the incident the appellant called her and said, "Mrs. Anderson, this is Dr. Boaz, I think I have just killed myself two good men."

We consider the evidence sufficient to support the findings of the jury.

There are no bills of exception; no brief in the case and no questions of law presented for our consideration. The proceedings appear regular and the judgment of the trial court is affirmed.